JOSEPH RUSSELL & al. *versus* JOHN B. BROWN.

Under our statute, in the trial upon a writ of entry, on the general issue, the rendition of a general verdict in favor of the demandant entitles him to judgment for such part of the demanded premises as has not been disclaimed.

ON MOTION to set aside a verdict as being against law, and against evidence and responsive to the issue.

WRIT OF ENTRY. Plea, general issue with a disclaimer of a portion of the demanded premises.

The verdict was that the defendant did disseize the plaintiffs in manner and form as the plaintiffs have declared against him.

The following questions were submitted to the jury : —

1. Is or not the line claimed by the defendant the same on the face of the earth, with the line of the old fence between the Dyer and Winslow lots?

No.

2. If not, how far westerly of said fence line does it lie?

Nine inches west.

Upon the affirmation of the verdict, one of the jurors, while assenting to the general verdict, and the answer to the first question, added: — I dissent from the finding on the second question, if it holds that Brown has come nine inches on to the plaintiffs, on the back of his line.

I find that he is nine inches on the plaintiffs, on the old line of Congress street.

*J. & E. M. Rand,* for the defendant, contended, *inter alia,* —

That the verdict was defective and not responsive to the issue presented by the pleadings. That the special findings were no part of the verdict, and, if they were, the most material answer was not concurred in; and that the defect could not be cured.

*S. C. Strout & Gage,* for the plaintiffs.

BARROWS, J. — The parties own adjoining lots on Congress street; the tenant's lot lying next easterly of the demandants', which is on the north-easterly corner of Oak and Congress streets. The demandants in their writ set forth the boundaries of the demanded premises as follows : — "Beginning at the corner made by the intersection of Oak street with said Congress street, and on the easterly side of said Oak street, thence north-easterly by said Congress street twenty-three feet, thence north thirty-two and a half degrees west one hundred and six feet, thence south-westerly to Oak street, thence southerly by said Oak street to first mentioned bounds." The tenant disclaiming the residue, pleads " as to so much of the demanded premises as lies east of a line drawn four inches westerly of and parallel to defendant's westerly brick wall, he did not disseize," &c.

The pleadings thus made up, in conformity with the provisions of R. S., c. 104, § 6, present but one question, and that is, which party has the better title to the strip of land lying between the lines thus claimed by the demandants and the tenant respectively?

Under § 8 of the same chapter, if, in the trial on the general issue, the demandant proves that he is entitled to such estate in the premises as he has alleged, and had a right of entry therein when he commenced his action, he shall recover the premises unless the tenant proves a better title in himself. Where there is a statement of the part claimed, and a disclaimer of the residue under § 6, the demandant, if entitled, is to recover judgment for no more than such part.

In the trial upon a writ of entry, under our statute, on the general issue, the rendition of a general verdict in favor of the demandant entitles him (where no cause is found to disturb the verdict) to judgment for the demanded premises, as described in his writ when no part has been disclaimed; where some portion has been disclaimed, to judgment for the remainder.

It is not perceived wherein this verdict is defective or not responsive to the issue presented by the pleadings, or that there can be any difficulty in rendering judgment upon it for the precise parcel which the demandants are entitled to recover, unless the motion to set it aside as against evidence ought to prevail.

The questions proposed by the presiding Judge to the jury were apparently designed to draw their minds more directly to the matter in controversy, and to some portions of the testimony deemed important in ascertaining the rights of the parties — perhaps, also, to test the accuracy of their comprehension of the issue and the evidence; but, it is rightly claimed by counsel that their answers form no part of the verdict. The answer to the first question, however, which was fully assented to by all the jurors is perfectly and exactly consistent with the general verdict, for it affirms the title of the demandants to twenty-three feet on Congress street, which was a vital question in the case. The surveyor testifies that measuring twenty-three feet from the monument in the old line of the street, cuts into the stone column of defendant's building nine inches. It does not appear that the

final qualification made by one of the jurors to the second answer was of such a character as to affect, in any manner, the conclusions to be drawn as to the rights of either party upon the issue presented. It was not essential for the jury to ascertain how far the tenant had actually encroached on the demandants on the rear of the line. To render their general verdict, they must have agreed in finding the boundary line, as described by the demandants, to be the true division line between the lots. The pleadings then show what lands the demandants are entitled to recover if the verdict is sustained.

The answers to these questions were not necessary to cure any defect in the verdict, for, when applied to the pleadings, the general verdict determines the issue with sufficient accuracy, as we have already seen.

The right of the Court to submit special interrogatories to the jury is not questioned; the practice has long existed in this State, and its propriety is asserted in *Merriam* v. *Mitchell*, 15 Maine, 439, and *Gordon* v. *Wilkins*, 20 Maine, 138. It may, perhaps, be doubted whether they do not as often tend to embarrass as to elucidate a case, and the right should be carefully and sparingly exercised.

It remains to be determined whether the motion to set aside the verdict as against evidence and the weight of evidence is well founded. If the deeds and documentary evidence and surveys introduced by the parties were the only evidence tending to establish the line, perhaps it might fairly be said that the demandants had not proved themselves entitled to twenty-three feet front on Congress street, measuring from the corner of Oak street; though the fact that the tenant, conceding to the demandants the twenty-three feet which they claim, and giving to Tolman's court its precise width, would have a slight excess beyond what his deed calls for, is somewhat persuasive evidence that way. But it appears that, for more than forty years previous to the commencement of this suit, there has been standing on the demandants' lot a permanent wooden building, which, to this

day, occupies the same foundation which it has had during all that time, along side of and near to a division fence, which, from sometime prior to 1828 up to 1864 or 1865, was maintained upon what both parties claim to have been the true line. One of the deeds introduced by the defendant makes this fence the boundary. All the witnesses on both sides, who testify as to the condition of things there prior to the commencement of the excavation on the tenant's lot, testify that there was a space between that fence and Russell's building, stating its width by estimation and memory. There is testimony on the part of the demandants, that boards were put up between the building and the fence to prevent intrusion; that workmen went through there with their ladders when employed in painting the Russell building, and these witnesses make the distance from the building to the fence somewhere from eighteen inches to two feet. Hezekiah Winslow, who is the tenant's warrantor, being called as a witness by him, states the distance at the front, between Russell's building and fence post to have been from eight to fourteen inches, and post from four to eight inches through. The fence was boarded on the east side of the posts, which they seem to have mutually regarded as marking the line between the lots; and, accordingly, the tenant offered testimony tending to show that the general face of the westerly brick wall of his block was four inches easterly of a line drawn on the east side of these posts, his pilasters and projections only coming out to the line, and that, in ·blasting on his lot for the foundations of his westerly wall, care was taken to replace exactly such of the remains of the old posts as fell out, and that they could be seen at the time of trial. But it appears, from the testimony of defendant's witness Frost, that the pilaster on Brown's block comes against the Russell building at the front — that it could not be run up without cutting off the projection of the Russell building at the eaves, or building round it, which was accordingly done.

Measurements at various points, (the buildings not being

Russell *v.* Brown.

exactly parallel,) show that the space between the old building on the demandants' lot, and the division line, has disappeared in a manner that cannot be satisfactorily explained by the change of finish or inclination of the building.

The question was one of pure fact, and the testimony, to some extent, conflicting. The jury viewed the premises. The results of their observation are not and cannot be before us. They decided in favor of the demandants, under instructions of which the defendant makes no complaint. Upon such testimony, and under such circumstances, it is impossible for us to say that their decision was clearly erroneous. Indeed, upon a careful review of the case, we think the demandants may be said to have fairly established their right to recover in this action a narrow strip of land bounded as follows:—Beginning on the northerly side of Congress street, at a point twenty-three feet easterly from the easterly corner made by its intersection with Oak street, thence north thirty-two and a half degrees west one hundred and six feet, thence south-westerly to a point four inches westerly of the westerly brick wall of Brown's block, thence by a line four inches westerly of and parallel to said westerly brick wall to said Congress street, thence by said Congress street to the point begun at.

*Motion overruled.—Judgment on the verdict.*

Kent, Dickerson, Danforth and Tapley, JJ., concurred.